Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Whether the real and personal property of the Blue Bird Circle is exempt from ad valorem taxes
Dear Mr. Driscoll:
You have asked this office to determine whether section 11.18 of the state Property Tax Code exempts from ad valorem taxation the real and personal property of the Blue Bird Circle. Section 11.18 exempts charitable organizations from taxation of their buildings and tangible property, provided that the organization can meet certain stated requirements. We conclude that the Blue Bird Circle does not meet these statutory requirements for exemption under section 11.18. We limit our answer to the particular facts which you have given us.
You inform us that the Blue Bird Circle [hereinafter Circle] is a non-profit Texas corporation which owns a tract of land on which it maintains an office building and two resale shops. The Circle uses the office building for its various programs and meetings; the resale shops sell merchandise which has been donated to the Circle. The Circle uses all profits from its various activities to support the Blue Bird Clinic for Pediatric Neurology, which is located in the Texas Medical Center, several miles away from the property in question.
Section 11.18(c) of the Texas Tax Code lists the requirements which an organization must meet to qualify as a charitable organization under the statute:
 (c) To qualify as a charitable organization for the purposes of this section, an organization (whether operated by an individual, as a corporation, or as an association) must:
 (1) be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsection (d) of this section, engage exclusively in performing one or more of the following charitable functions:
 (A) providing medical care without regard to the beneficiaries' ability to pay;
. . . .
As this office noted in Attorney General Opinion MW-288 (1980), the court in Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W.2d 943 (Tex. 1968), indicated that the activity of providing facilities which meet special residential requirements of the aged might qualify as an institution for tax exemption as one of purely public charity, but only where it also qualified under the statutory definition of such institutions for tax exemption purposes. Because the controlling statute (former article 7150, section 7, V.T.C.S.) at that time restricted exemptions to property of institutions dispensing aid "without regard to [the] poverty or riches of the recipient," a requirement which the claimant failed to meet, the exemption was denied. 426 S.W.2d at 948. See also City of Waco v. Texas Retired Teacher Residence Corporation, 464 S.W.2d 346 (Tex. 1971). Accordingly, if the property of the Circle is to be accorded a charitable exemption, the Circle itself must be exempt under section 11.18.
We must conclude that the Circle does not qualify for a section 11.18 tax exemption. We note that the burden of establishing the requirements for exemption from taxation is on the institution claiming the exemption, and the exemption must be proved in such a manner as to leave no doubt. Willacy County Appraisal District v. North Alamo Water Supply Corporation, No. 13-83-318-CV (Tex.App.-Corpus Christi, June 28, 1984). Further, in such cases, exemptions from taxation are never favored, and, in construing laws exempting an organization, all doubts must be resolved against the institution claiming the exemption. Hedgecroft v. City of Houston, 244 S.W.2d 632 (Tex. 1951). Both statutory and constitutional provisions purporting to grant exemption from taxation will be given a narrow and strict construction, and all doubts must be resolved against the granting of the tax exemption. Hilltop Village v. Kerrville Independent School District, supra.
Section 11.18(c)(3)(B) of the Tax Code requires that charter, bylaws, or regulations adopted by the organization to govern its affairs must direct that on discontinuance of the organization by dissolution or otherwise the assets are to be transferred to this state or to an educational, religious, charitable, or other similar organization that is qualified as a charitable organization under Section 501(c)(3), Internal Revenue Code of 1954, as amended.
Article I, section 3 of the Circle's bylaws reads:
 Section 3. No part of the property of this Corporation shall ever be utilized for the private gain or profit of any officer, director, or member, as such, of the Corporation.
 In its brief, the Circle refers to section 3 as ensuring that its assets are "perpetually dedicated to use in performing the organization's charitable function." The Circle asserts that this provision satisfies the statutory requirements of section 11.18(c)(3). We disagree. There is no provision in the documents submitted to us that directs the Circle's assets to be transferred in the required manner in the event of its discontinuance.
The tax status of the corporation for this year is determined by its qualifications on January 1, 1984. Prop.Tax Code § 11.42. Because the Circle does not meet the section 11.18(c) statutory requirements of a charitable organization, we conclude that its property is not exempt from ad valorem taxation.
 SUMMARY
The Blue Bird Circle does not meet the statutory requirements to qualify as a charitable organization and, therefore, is not exempted from ad valorem taxation by section 11.18 of the state Property Tax Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General